```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL LADD, JR.,                  :    CIVIL ACTION
                                    :    NO. 15-6576
            Plaintiff,              :
                                    :
     v.                             :
                                    :
NANCY BERRYHILL, ACTING             :
COMMISSIONER OF SOCIAL SECURITY,    :
                                    :
            Defendant.              :
```

**O R D E R**

**AND NOW**, this **26th** day of **September, 2017**, it is hereby **ORDERED** that:

(1) Plaintiff's objections (ECF No. 14) are **OVERRULED**;[1]

---

[1] The Court has carefully considered Plaintiff's objections to Magistrate Judge Lynne A. Sitarski's Report and Recommendation ("R&R") and the Commissioner's response to the objections. There is no need to repeat the history or facts of this case as Judge Sitarski's R&R has adequately relayed that information.

The Court concludes that Judge Sitarski has correctly and sufficiently addressed Plaintiff's arguments, and, thus, adopts her R&R. Nonetheless, reviewing the issues raised in Plaintiff's objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes that:

a. The ALJ did not err in concluding that Plaintiff had moderate limitations in the areas of social functioning and concentration, persistence, and pace, or that he did not meet Listing 12.04 (regarding depressive, bipolar, and related disorders). Plaintiff argues that the ALJ should have found marked limitations in these two areas based on the findings of

his treating therapist, Mindy Biddle. Plaintiff also contends that Judge Sitarski failed to identify any opinion evidence to support her finding that the ALJ's limitations were supported by substantial evidence. The Court notes that, while the ALJ will consider the opinions of medical sources, the ultimate decision of whether an impairment meets or equals a listing is reserved to the Commissioner. 20 C.F.R. § 416.927(d).

The ALJ's conclusion that Plaintiff had moderate limitations in the areas of social functioning and concentration, persistence and pace (and, thus, that Plaintiff did not meet Listing 12.04) is supported by substantial evidence. As stated by Judge Sitarski, the evidence of Plaintiff's ability to engage in social interaction and perform activities of daily living, as well as most of the medical records, support this finding. R&R at 13-14; Tr. at 14. This conclusion is also supported by the opinion of state agency psychological consultant, Dr. Alex Siegel, that Plaintiff did not meet Listing 12.04. Tr. 65-70; see also Tr. 18. While Judge Sitarski may not have mentioned Dr. Siegel by name in her discussion of Listing 12.04, she explicitly explained later in the R&R why the ALJ did not err in relying on Dr. Siegel. R&R at 21-22. Plaintiff is correct that Ms. Biddle indicated more severe limitations. Tr. 606-11. However, the ALJ reasonably explained why he did not find her medical assessment to be persuasive, including that it conflicted with her longitudinal treatment records. Tr. 16-18. Moreover, as explained by Judge Sitarski, the fact that some evidence supports Plaintiff's claim does not mean that the ALJ's decision was not supported by substantial evidence. R&R at 14.

b. The ALJ's RFC assessment was supported by substantial evidence. Plaintiff alleges that the moderate limitation found by the ALJ in maintaining concentration, persistence and pace was not adequately accommodated in the RFC assessment by limiting Plaintiff to, inter alia, unskilled work that can be learned in 30 days or less. Plaintiff continues that Judge Sitarski failed to adequately address this issue.

Judge Sitarski detailed the evidence supporting the ALJ's RFC assessment and specifically addressed Plaintiff's argument. R&R at 15-16, 18-19. As she explained, our courts have concluded that RFC limitations similar to those found by the ALJ sufficiently account for moderate difficulties in concentration,

2

persistence, or pace. R&R at 18-19. The Court finds no error regarding this issue.

      c.    The ALJ's evaluation of the medical opinion evidence was supported by substantial evidence. Plaintiff argues that the ALJ should not have given significant weight to the opinion of Dr. Siegel because he rendered his opinion before a substantial portion of the medical evidence was in the record, or at least should have had a medical expert provide an updated opinion.

      As stated by Judge Sitarski, the ALJ did not merely rely on Dr. Siegel's opinion in a vacuum, but compared it to the entire record and found it consistent therewith. R&R 21-22; Tr. 18. Moreover, Judge Sitarski correctly noted that the record did not document any significant intervening changes in Plaintiff's medical condition between the date of Dr. Siegel's opinion and the decision of the ALJ. R&R at 22. The Court agrees with Judge Sitarski that Dr. Siegel's opinion is supported by the record.

      d.    The ALJ's credibility determination is supported by substantial evidence. Plaintiff argues that the ALJ should not have reduced the credibility of his testimony based on: (1) his conservative treatment given the severe restrictions suggested by Ms. Biddle; and (2) his ability to perform activities of daily living.

      As explained by Judge Sitarski, the ALJ's credibility determination must be supported by substantial evidence and be specific enough to enable judicial review. R&R 23. The ALJ stated clearly and in detail the reasons why he found Plaintiff's testimony less than fully credible. R&R 23-25; Tr. 16-17. The ALJ also adequately explained why he discounted the opinion of Ms. Biddle. Tr. 17-18. It is true that the ability to perform sporadic activities of daily living is not indicative of the ability to perform full time work. However, daily activities are specifically to be considered by the ALJ, 20 C.F.R. § 416.929(c)(3), and here, the ALJ properly considered those activities in conjunction with the medical evidence. Thus, the Court finds no error.

      In that the ALJ did not commit a reversible error and his decision was supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Lynne A. Sitarski's Report and Recommendation (ECF No. 13);

(3) Plaintiff's request for review (ECF No. 9) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**